UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ESSEX INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06-CV-01635 JCH |
| ) | |
| ERIC GALLOWAY, et al ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

The matter is before the Court on Defendant Reginald Davis' ("Davis") Motion to Dismiss (Doc. No. 6), filed December 19, 2006. The matter is fully briefed and ready for a decision.

## BACKGROUND

On April 6, 2001, Jason Martin ("Martin") went to the Spotlight Lounge. (Compl., Doc. No. 1 Ex. B). Defendants Davis, Dennis Shireff ("Shireff"), David Calloway, Frank Booker, and Darren R. Wilson (collectively "Officers") were working secondary security in the Spotlight Lounge's exterior parking lot. (Id.). The Officers are all employees of the St. Louis Police Department. (Id.). A fight broke out in the parking lot and a shot was fired. (Id.) While investigating the shooting, the Officers approached Martin and ordered him to remove his hands from his pockets. (Id.). Before he could comply with that order, Davis and Shireff allegedly shot him. (Id.). On April 6, 2006, Martin filed an action in Missouri state court against the Officers[1] asserting claims of negligence, assault,

---

[1]Martin also sued the St. Louis City Board of Police Commissioners and each of its members individually, the City of St. Louis, Mayor Francis Slay, Eric Galloway, and Galloway Investments, Inc. (Notice of Removal, Doc. No. 1 pg. 15-19).

battery, and violation of his civil rights pursuant 42 U.S.C. § 1983 ("Martin Action"). (Id.). Defendants removed the case to federal court. (No. 4:06-cv-01385-TIA). On November 3, 2006, Martin voluntarily dismissed the action without prejudice. (Mot. to Dismiss, Doc. No. 6 Ex. A).

Plaintiff Essex Insurance Company filed this declaratory judgment action on November 13, 2006 after Defendants demanded that Plaintiff, its liability insurer, defend and indemnify them in the Martin Action. (Compl., Doc. No. 1 ¶ 36). Plaintiff seeks a declaration that it has no obligation to defend or indemnify Defendants in any cause of action based on the April 6, 2001 shooting. (Id. at ¶ 39). On December 19, 2006, Davis filed this motion to dismiss asserting that a justiciable controversy no longer exists. (Doc. No. 6).

## MOTION TO DISMISS STANDARDS

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss a claim if the court lacks subject matter jurisdiction over it; however, dismissal for lack of subject matter jurisdiction will not be granted lightly. Wheeler v. St. Louis Southwestern Ry. Co., 90 F.3d 327, 329 (8th Cir. 1996). The standards applied to a Rule 12(b)(1) motion to dismiss are the same as those that apply to a Rule 12(b)(6) motion to dismiss. Vankempen v. McDonnell Douglas Corp., 923 F. Supp. 146, 147 (E.D. Mo. 1996). In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A cause of action should not be dismissed for failure to state a claim unless, from the face of the Complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co., Inc. v. United States, 580 F.2d 302, 306 (8th Cir. 1978). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of

the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982) (internal quotations and citation omitted).

**DISCUSSION**

Davis alleges that the Court lacks jurisdiction because dismissal of the Martin Action extinguished any live controversy between the parties. Plaintiff concedes that there is no longer an actual controversy regarding the duty to indemnify, but asserts a controversy still exists regarding the duty to defend. (Resp., Doc. No. 8 ¶ 5).

Federal courts have limited jurisdiction and can only hear actual "cases and controversies" as defined under Article III of the Constitution. Hickman v. Missouri, 144 F.3d 1141, 1142 (8th Cir. 1998). This requirement applies to all stages of the litigation and, when a case no longer presents an "actual, ongoing case or controversy," it is moot and the federal court no longer has no jurisdiction over it. Id. at 1142; Neighborhood Transp. Network, Inc. v. Pena, 42 F.3d 1169, 1172 (8th Cir. 1994). This requirement applies with "equal force to actions for declaratory judgment as it does to actions seeking traditional coercive relief." Hickman, 144 F.3d at 1142 (quoting Marine Equip. Mgmt. Co. v. United States, 4 F.3d 643, 646 (8th Cir. 1993)). To determine whether there is an actual controversy in a declaratory judgment action, the Court must look at "whether there is a substantial controversy between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Marine Equip. Mgmt. Co., 4 F.3d at 646 (internal quotations omitted).

Upon consideration, the Court finds that no actual controversy exists. Because federal

jurisdiction is based on diversity of citizenship,[2] the Court applies Missouri's substantive law. <u>Altru Health Sys. v. Am. Prot. Ins. Co.</u>, 238 F.3d 961, 962 (8th Cir. 2001). Under Missouri law, the duty of an insurer to defend is determined by comparing the language of the insurance policy with the allegations set forth in the complaint. <u>Freeman v. Leader Nat. Ins. Co.</u>, 58 S.W.3d 590, 597 (Mo. Ct. App. 2001). Once the Martin Action was dismissed, no petition existed with which to compare the insurance policy. As a result, there is no controversy to adjudicate. Furthermore, nothing suggests that there is an immediate need to resolve the alleged controversy. Martin has neither refiled his action nor represented that he will refile it. Thus, the Court will dismiss this cause of action[3].

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Reginald Davis' Motion to Dismiss (Doc. No. 6) is **GRANTED** and Plaintiff's Complaint is **DISMISSED**. A separate order of dismissal will accompany this memorandum and order.

Dated this <u>30th</u> day of March, 2007.

<u>/s/ Jean C. Hamilton</u>
UNITED STATES DISTRICT JUDGE

---

[2]Plaintiff is a corporation incorporated under the laws of Delaware and has its principal place of business in Virginia. Defendants are all residents of Missouri. (Compl., Doc. No. 1 ¶ 3-17).

[3]Davis is the only defendant requesting dismissal. The Court, however, will dismiss the entire case because it may raise the issue of jurisdiction *sua sponte*. See <u>Yeldell v. Tutt</u>, 913 F.2d 533, 537 (8th Cir. 1990).